UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| JEFFREY GLOVER and TRESA GLOVER, | § | |
|---|---|---|
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL NO. 2:22-cv-00191-JRG-RSP |
| | § | |
| GRAPHIC PACKAGING, INTERNATIONAL, LLC | § | |
| *Defendant.* | § | |

**DEFENDANT GRAPHIC PACKAGING INTERNATIONAL, LLC'S TRIAL WITNESS LIST**

Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC (herein, "Defendant" or "GPI"), pursuant to the Court's First Amended Docket Control Order entered in this case (Doc. 22), files this Trial Witness List for identification and categorization of trial witnesses. At this time, Defendant GPI identifies the following witnesses for trial:

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| 1. | Jeffery Glover; Plaintiff: (a) the accident forming the basis of this suit; (b) his alleged injuries; (c) his medical treatment; (d) his prior, current, and future employment; (e) his alleged damages; and (f) alleged facts and circumstances related to his claim. | X | | |
| 2. | Tresa Glover; Plaintiff; (a) the aftermath of the accident forming the basis of this suit; (b) Plaintiff Jeffery Glover's alleged injuries and medical treatment; (c) her alleged | X | | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | damages; and (d) alleged facts and circumstances related her claims. | | | |
| 3. | Officer Darren M. Jones; Texarkana Police Department: (a) the accident forming the basis of this suit; (b) his investigation of the accident; and (c) all related matters. | | X | |
| 4. | Custodian of Records; Texarkana Police Department: (a) the accident forming the basis of this suit; and (b) all related matters. | | | X |
| 5. | Employees, Representatives and/or Custodian of Records; Red River Wrecker Service: (a) scene of accident; (b) recovery of tractor-trailer at scene of accident; and (c) post-accident towing of subject tractor-trailer | | X | |
| 6. | Corporate Representative of Graphic Packaging International, LLC; (a) GPI rules, policies, procedures, and operations related to the loading and transportation of paper rolls; (b) events following the accident forming the basis of this suit; and (c) the layout, location, and operation of the GPI mill. | | X | |
| 7. | Christopher Lummus; GPI; (a) GPI rules, policies, procedures, and operations related to the loading and transportation of paper rolls; (b) events following the accident forming the basis of this suit; and (c) the layout, location, and operation of the GPI mill. | X | | |
| 8. | Bryan Loper; GPI; (a) GPI rules, policies, procedures, and operations related to the loading and transportation of paper rolls; (b) events following the accident forming the basis of this suit; and (c) the layout, location, and operation of the GPI mill. | | | X |
| 9. | Shaun Watson; GPI: (a) GPI rules, policies, procedures, and operations related to the | X | | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | loading and transportation of paper rolls; and (b) events following the accident forming the basis of this suit, (c) the layout, location, and operation of the GPI mill. | | | |
| 10. | Matthew Kerns; GPI: (a) GPI rules, policies, procedures, and operations related to the loading and transportation of paper rolls; and (b) events following the accident forming the basis of this suit, (c) the layout, location, and operation of the GPI mill. | | X | |
| 11. | Cedric Lyons; GPI: (a) the events proceeding and following the incident forming the basis of this suit; and (b) the policies, procedures, and training involved in the loading of paper rolls on to various conveyances. | X | | |
| 12. | Tonza Lyles; GPI: (a) the events proceeding and following the incident forming the basis of this suit; and (b) the policies, procedures, and training involved in the loading of paper rolls on to various conveyances. | X | | |
| 13. | Jerry Hilton; Formerly GPI: (a) the policies, procedures, and training involved in the loading of paper rolls on to various conveyances. | | X | |
| 14. | Shanon R. Burgess; Aperture LLC: (a) investigation and reconstruction of the accident; (b) the driving conditions on the date in question; (c) contributing factors to the accident; (d) the accelerations, forces, and mechanisms involved in the incident in question; and (e) the physics and physical components involved in the incident as alleged by Plaintiff. | X | | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| 15. | Clayton Merches; Leading Edge Consultants, LLC: (a) commercial motor vehicle industry standards, industry best practices, safety, and regulatory compliance; (b) the acts or omissions causing or contributing to cause the accident at issue; (c) the duties of motor carriers and commercial motor vehicle drivers; and (d) regulations, policies and procedures, training standards, safety standards, laws, and industry standards. | X | | |
| 16. | Dr. Shahin Shirzadi, M.D.; Houston Neurology Associates: (a) the imaging, and diagnostic testing of Plaintiff's alleged injuries; (b) findings and opinions regarding imaging of Plaintiff's Traumatic Brain Injury and the extent of Plaintiff's alleged related symptoms, if any; and (c) findings and opinions regarding imaging of Plaintiff's cervical spine. | X | | |
| 17. | Dr. William Charles Watters III, M.D.: (a) whether or not the accident caused any of Plaintiff's conditions or alleged injuries he claims resulted from the accident, including, but not limited to, conditions or alleged injuries of the cervical spine; (b) whether or not Plaintiff had pre-existing, degenerative, and/or chronic conditions prior to the accident, including, but not limited to, conditions of the cervical spine; (c) whether or not Plaintiff will require ongoing or future medical care for his conditions or alleged injuries he claims resulted from the accident, including, but not limited to, conditions or alleged injuries of the cervical spine; (d) whether Plaintiff will or will not have any physical | X | | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | restrictions, impairments, or disability as a result of his conditions, alleged injuries, and/or the accident; (e) Plaintiff's diagnoses, prognoses, the necessity and reasonableness of medical treatment rendered to Plaintiff to date and the recommended, reasonable and customary medical treatment for the type of injuries or complaints Plaintiff alleges in this lawsuit; and (f) the subjective and objective findings needed to be present in a patient before Medial Branch Blocks are prescribed and referral is made to a spinal surgeon. | | | |
| 18. | Dr. Laura LaCritz, Ph.D; University of Texas Southwestern Medical Center Neuropsychology: (a) The scope and extent of the Plaintiff's alleged injuries and cognitive difficulties resulting from the collision and the cause thereof; (b) the reasonableness and necessity of the interventions and associated billing charges related to care rendered to Plaintiff after the collision that is the focus of this litigation; (c) That any head injury Plaintiff may have suffered in this accident are resolved and the neurological testing performed does not document cognitive impairment which should prevent Plaintiff from being able to continue to work as he did before the accident; and (d) That there is no indication of functional difficulties with activities of daily living due to cognitive impairment. | X | | |
| 19. | Dr. Michelle M. Aliff, Ph.D, CRC, CVE; Aliff Vocational Consultants, LLC: (a) Regarding in the areas of vocational assessment, job placement, job analysis, job aptitude, and | X | | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | labor market analysis as it is related to Plaintiff and other persons similarly situated; (b) that from a pre-injury perspective, Plaintiff's earnings as a truck driver were less than his earnings as a teacher/coach; (c) That from a post-injury perspective, Plaintiff inability to work is not permanent. That Plaintiff has no permanent restrictions or limitations from an orthopedic/neurological or traumatic brain injury perspective; and (d) regarding the reasonableness of Plaintiff's expert, Dr. Needham's, position that Plaintiff will continue to suffer a loss of earning capacity into the future. | | | |
| 20. | Dr. Charles (Chip) Hunter, Ph.D; Reynolds & Earle: (a) regarding Plaintiff's claimed damages, alleged loss of earnings, and claimed loss of earning capacity; (b) regarding Plaintiff's claimed economic damages, alleged loss of earnings, and claimed loss of earning capacity, loss of benefits, and loss of household services; and (c) regarding the reasonableness of the calculations of Plaintiff's expert, Dr. Needham, regarding the claimed present value of Plaintiffs' past and future loss of earning capacity and past and future loss of household services. | X | | |
| 21. | Victor Vasquez; Private Investigator: Post-Accident surveillance of Plaintiff. | | X | |
| 22. | Daniel R. Phillips; Axiom Reconstruction, Inc.: accident reconstruction opinions regarding the accident forming the basis of this suit. | | | X |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| 23. | Roger Allen; RGK Consultants, LLC: (a) industry standards and practices; and (b) the acts or omissions causing or contributing to cause the underlying accident. | | | X |
| 24. | Dr. Allyn B Needham, Ph.D., CEA; Shipp & Needham Economic Analysis, LLC: Plaintiffs' alleged lost earnings, lost earning capacity, loss of household services, and related damages. | | | X |
| 25. | Heather Montgomery, RN, CCM; Systemedic: (a)Plaintiff's worker's compensation treatments and all related matters; (b) Meetings with Plaintiffs and Plaintiffs medical providers; and (c) Observations of the Plaintiffs at those meetings and conversations with providers at those meetings. | | X | |
| 26. | Rodney Koller; Abernathy Company: (a) Regarding the post-accident investigation by the Abernathy Company; (b) Plaintiff's time with the Abernathy Company; and (c) Abernathy Company policies. | X | | |
| 27. | Ray Abernathy; Abernathy Company: (a) Regarding the post-accident investigation by the Abernathy Company; (b) Plaintiff's time with the Abernathy Company; and (c) Abernathy Company policies. | X | | |
| 28. | Lorrie Richardson; Abernathy Company: (a) Plaintiff's time with the Abernathy Company and (b) Abernathy Company policies. | | X | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| 29. | Tim Morgan; Abernathy Company: post-accident and current Abernathy Company policies. | | X | |
| 30. | Ryann Brown; Abernathy Company: post-accident and current Abernathy Company policies. | | X | |
| 31. | Cory McMurry; formerly Abernathy Company: (a) Regarding the post-accident investigation by the Abernathy Company; (b) Plaintiff's time with the Abernathy Company; and (c) Abernathy Company policies. | X | | |
| 32. | Ashly Myers; formerly Abernathy Company: (a) Regarding the post-accident investigation by the Abernathy Company; (b) Plaintiff's time with the Abernathy Company; and (c) Abernathy Company policies. | | X | |
| 33. | Medical Personnel, Employees, Representatives and/or Custodians of Records; The Collom & Carney Clinic: Plaintiff's alleged injuries, medical treatment, and charges. | | | X |
| 34. | Dr. Lawrence O'Malley; UAMS Orthopedic Clinic – Colonel Glenn: Plaintiff's alleged left shoulder injuries, medical treatment for said, and Plaintiff's ability to return to full duty 5 to 6 months after surgery performed in April 2023. | X | | |
| 35. | Medical Personnel, including but not limited to, Dr. Lawrence O'Malley and Dr. Wayne Bruffet, as well as any and all other Employees, Representatives and/or Custodians of Records; UAMS Orthopedic | | | X |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | Clinic – Colonel Glenn: Plaintiff's alleged injuries, medical treatment, and charges. | | | |
| 36. | Dr. Barry Baskin M.D.: Plaintiff's alleged injuries, medical treatment rendered under worker's compensation, charges for the same, and Plaintiff's ability to return to work from a medical perspective. | X | | |
| 37. | Barry Baskin M.D. and the Medical Personnel, Employees, Representatives and/or Custodians of Records for his office: Plaintiff's alleged injuries, medical treatment, and charges. | | | X |
| 38. | Brad Williams, Ph.D. and the Employees, Representatives and/or Custodians of Record for his office: Plaintiff's alleged neurological injuries, treatment, and charges. | | | X |
| 39. | Medical Personnel, including but not limited to, Dr. Gabriel Jasso, as well as any and all other Employees, Representatives and/or Custodians of Records; Smith County Healthcare Systems, LLC: Plaintiff's alleged neurological injuries, treatment, and charges. | | | X |
| 40. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Smith County Healthcare Systems, LLC: Plaintiff's alleged neurological injuries, treatment, and charges. | | | X |
| 41. | Dr. Haley Layton; Neurorestorative Timber Ridge: Plaintiff's alleged neurological injuries, treatment, and charges. | X | | |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| 42. | Medical Personnel, including but not limited to, Dr. Haley Layton, as well as any and all other Employees, Representatives and/or Custodians of Records; Neurorestorative Timber Ridge: Plaintiff's alleged neurological injuries, treatment, and charges. | | | X |
| 43. | Medical Personnel, including but not limited to, Dr. Aaron Calodney, as well as any and all other Employees, Representatives and/or Custodians of Records; Precision Spine Care: Plaintiff's alleged cervical spine injuries, treatment, and charges. | | | X |
| 44. | Medical Personnel, including but not limited to, Dr. Aaron Calodney, as well as any and all other Employees, Representatives and/or Custodians of Records; Baylor, Scott, and White Texas Spine & Joint Hospital: Plaintiff's alleged cervical spine injuries, treatment, and charges. | | | X |
| 45. | Medical Personnel, Employees, Representatives and/or Custodians of Records; LifeNet Emergency Medical Services: Plaintiff's alleged injuries, treatment, and charges. | | X | |
| 46. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Wadley Regional Medical Center: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 47. | Medical Personnel, Employees, Representatives and/or Custodians of | | | X |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | Records; Brain View: Plaintiff's alleged injuries, treatment, and charges | | | |
| 48. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Arkansas Surgical Hospital: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 49. | Medical Personnel, including but not limited to, Dr. Wayne Bruffet, as well as any and all other Employees, Representatives and/or Custodians of Records; OrthoArkansas: Plaintiff's alleged injuries, medical treatment, and charges. | | X | |
| 50. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Baptist Health Medical Center – Little Rock: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 51. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Stewart Health Care: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 52. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Texarkana Family Healthcare: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 53. | Medical Personnel, Employees, Representatives and/or Custodians of Records; MRI Centers of Texas, LLC: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 54. | Medical Personnel, Employees, Representatives and/or Custodians of | | | X |

| | WITNESS, employer, and topic(s) of testimony | WILL CALL | MAY CALL | MAY, BUT PROBABLY WILL NOT CALL |
|---|---|---|---|---|
| | Records; Specialty Imaging Consultants: Plaintiff's alleged injuries, treatment, and charges | | | |
| 55. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Open Imaging of Mount Pleasant: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 56. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Mount Pleasant Physical Therapy PC: Plaintiff's alleged injuries, treatment, and charges | | | X |
| 57. | Medical Personnel, Employees, Representatives and/or Custodians of Records; Texarkana Physical Therapy: Plaintiff's alleged injuries, treatment, and charges | | | X |

In addition to the above, Defendant hereby identifies any witnesses that may be identified or called by Plaintiff as trial witnesses. Defendant also reserves the right to call additional trial witnesses that it deems necessary for purposes of rebuttal or impeachment.

Defendant further reserves the right not to call one or more of the trial witnesses listed above or to object to the admissibility of the testimony of any trial witnesses on Plaintiff's witness lists and/or move for exclusion of such testimony.

Finally, Defendant reserves the right to amend or supplement this identification.

Respectfully submitted,

**MAYER LLP**
750 N. Saint Paul St., Suite 700
Dallas, Texas 75201
T: 214.349-6900 / F: 214.379-6939

By: */s/ Aaron M. Speer*
    Aaron M. Speer
    State Bar No. 24051365
    aspeer@mayerllp.com
    Matthew L. Morris
    Texas Bar No. 24101264
    mmorris@mayerllp.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the above and foregoing document was filed with the Court and served electronically through the electronic-filing manager (EFM) to all counsel of record, pursuant to the Federal Rules of Civil Procedure on this 17th day of August 2023.

Jimmy M. Negem, Sr.
Joe M. Worthington
Jimmy M. Negem, Jr.
Negem & Worthington
1828 E SE Loop 323, Suite R-1A
Tyler, Texas 75701
jimmy@negemlaw.com
jmnegem@negemlaw.com
joe@negemlaw.com

                                              /s/ *Aaron Speer*
                                              Aaron Speer