# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **JEFFREY GLOVER AND** § | |
| **TRESA GLOVER** § | |
| *Plaintiffs* § | |
| § | |
| v. § | **CIVIL ACTION NO. 2:22-CV-00191** |
| § | |
| **GRAPHIC PACKAGING INTERNATIONAL, LLC** § | |
| *Defendant* § | |

### PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JEFFREY GLOVER and TRESA GLOVER, (hereinafter referred to as "PLAINTIFFS"), and files this their Original Complaint complaining of GRAPHIC PACKAGING INTERNATIONAL, LLC (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto the Court as follows:

### I.
### JURISDICTION AND VENUE

(1)     This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(c)(1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiffs are citizens of the State of Texas and reside and are permanent residents at 3521 Connie Lane in Texarkana, Bowie County, Texas 75503. The Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC is a foreign limited liability company, organized and formed in the State of Delaware, is not a citizen of the State of Texas and has as its principal place of business 1500 Riveredge Parkway Suite 100 in Atlanta, Georgia. Further, on information and belief none of the members of the Defendant, GRAPHIC

PACKAGING INTERNATIONAL, LLC are residents or citizens of the state of Texas. Therefore, complete diversity of citizenship exist between the parties.

(2)     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district. Further, the substantial part of the events giving rise to this cause of action occurred in the Marshall Division of this judicial district specifically at Graphic Packaging International, LLC, 9978 Farm to Market Road 3129, Queen City, Cass County, Texas 75572.

## II.
## PARTIES

(3)     The Plaintiffs are residents of Bowie County, Texas.

(4)     The Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC is a foreign Limited Liability Company organized and existing under the laws of Delaware and is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving registered agent, Corporation Service Company dba CSC Lawyers Incorporating Service Company, 211 E. 7th Street Suite 620, Austin, Texas 78701 via certified mail, return receipt requested.

## III.
## FACTUAL ALLEGATIONS

(5)     On or about January 11, 2022, Plaintiff, JEFFREY GLOVER, drove a 2013 Freightliner Cascadia 125 Tractor Truck bearing VIN # 1FUJGEDVXDSBZ6182 and bearing Arkansas License Plate # K790168 to the Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC's paper mill and loading facility located at 9978 Farm to Market Road 3129, Queen City, Cass

County, Texas 75572 to pick up a loaded trailer. After picking up a loaded trailer which had been prepared and loaded by the Defendant GRAPHIC PACKAGING INTERNATIONAL, LLC and its agents, servants, and employees. Plaintiffs assert that the Defendant, GRAPHIC PACKAGING INTERNATIONAL, LLC and its agents, servants, and employees improperly, carelessly, and negligently loaded and failed to adequately secure the cargo loaded in the trailer Plaintiff, JEFFREY GLOVER, was to tow, deliver, and transport. Shortly after Plaintiff, JEFFREY GLOVER, began transporting the trailer and load in question, the truck and trailer Plaintiff was operating rolled over on to its left side causing Plaintiff to sustain severe permanent and disabling injuries.

## IV.
## CAUSE OF ACTION

(6)  Plaintiffs incorporate by reference paragraphs 1 through 5 above.

(7)  Plaintiffs allege that the Defendant, through the acts and/or omissions of its agents, servants, and employees were negligent and such negligence was a proximate cause of the accident in question and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of the Defendant and its agents, servants, and/or employees:

1. In failing to properly load the trailer in question;
2. In failing to properly secure the load in the trailer in question;
3. In failing to properly supervise the loading process;
4. In failing to properly inspect the load in question;
5. In failing to properly implement safe loading procedures;
6. In failing to properly carry out safe loading procedures that had been implemented;
7. In failing to properly load and secure the load in question pursuant to safe industry standards;
8. In failing to properly train its personnel;
9. In failing to properly instruct its personnel;
10. In failing to utilize appropriate friction mats to secure the load in question;

11. In failing to properly distribute the load in question within the container;
12. In failing to properly balance the load in question throughout the container;
13. In failing to implement an adequate safety program;
14. In failing to perform and carry out job safety analysis and/or job hazard analysis of the employees job duties and jobs at the work place;
15. Failing to inspect, supervise, and/or or carry out appropriate and prudent inspections in the work place;
16. In failing to provide necessary equipment for its employees and others to be able to perform their job safely without the unnecessary risk of injury;
17. In violating its own safety policies, procedures, and rules;
18. In violating its own loading and load securement policies, procedures, and rules;
19. In failing to train its employees;
20. In failing to adequately instruct and supervise its employees;
21. In failing to comply with the Federal Motor Carrier Safety Regulations Cargo Securement Regulations, including but not limited to SSSSections 393.100, and 393.122 which constitutes negligence and/or a violation of safe industry standards and/or negligence per se.
22. In failing to comply with Safe Industry Standards as recommended by the Texas Department of Public Safety including standards set out in the Texas Commercial Motor Vehicle handbook that was in effect at the time the trailer in question was loaded.
23. Negligent in other respects.

## V.
## RESPONDEANT SUPERIOR

(8)     Plaintiffs would further allege that at all material times hereto and at the time of the accident made the basis of this lawsuit DEFENDANT'S EMPLOYEES, were employees of Defendant, GRAPHIC IMAGING INTERNATIONAL, LLC and acting within the course and scope of his employment for Defendant, GRAPHIC IMAGING INTERNATIONAL, LLC and in the furtherance of the business interest and pursuits of said Defendant.  In this regard, Plaintiffs hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of DEFENDANT'S EMPLOYEES is imputed to Defendant, GRAPHIC IMAGING INTERNATIONAL, LLC and Defendant, GRAPHIC IMAGING INTERNATIONAL, LLC is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee.

# VI.
# MALICE

(12)     Plaintiffs further alleges that Defendant, GRAPHIC IMAGING INTERNATIONAL, LLC by and through its acts and/or omissions, and of its employees as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment.  Plaintiffs alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs.  Plaintiffs further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiffs.  Plaintiffs further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs.  Plaintiffs further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff.  In this regard, Plaintiffs therefore seeks punitive and/or exemplary damages.

(13)     Plaintiffs would further show that the Defendant is liable for the acts and/or omissions constituting gross negligence perpetrated by its employees, agents, and servants in the course and scope of their employment because the Defendant (a) authorized the doing and the manner of the act or (b) the respective agent was unfit and the principal was reckless in employing said agent or (c) the agent was employed in a managerial capacity and was acting in the scope of employment or (d) the defendant or manager of the Defendant ratified

or approved the grossly negligent act and/or omission or (e) the agent, servant, or employee perpetrating the grossly negligent act was a vice principal which includes a corporate officer, or a person who has the authority to employee, or direct, and discharge an employee of Defendant or, a person engaged in the non-delegable or absolute duty of Defendant or a person who the Defendant confided the management of the whole company or a department of division of Defendant.

## IX.
## DAMAGES

(14)  Plaintiff, JEFFREY GLOVER, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

(15)  Plaintiff's spouse, TRESA GLOVER, as a result of the incident caused by the fault, breach of duties and negligence of the Defendants, has suffered past and future loss of consortium and damage to the husband-wife relationship, including the loss of affection, solace, comfort, companionship, society, assistance, household services, emotional support, love and felicity necessary to a successful marriage.

(16)  Plaintiffs respectfully request a trial by jury on all issues.

(17) Plaintiffs seek judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,
s/*Jimmy M. Negem, Sr.*
Jimmy M. Negem, Sr.
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Nicholas M. Negem
State Bar No. 24123713
Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Jimmy@Negemlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all attorneys of record on this 19th day of July, 2023, in accordance with Federal Rules of Civil Procedure.

/s/ Jimmy M. Negem, Sr.
Jimmy M. Negem, Sr.